UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 13-24221-CIV-GRAHAM/SIMONTON

JIMMY J. ALVAREZ,

    Plaintiff,

v.

FOODS OF SOUTH FLORIDA, INC.,
d/b/a MR. MIKE's GROCERY STORE,
KHADER KATTOURA, and CAROLINA
KATTOURA,

    Defendants.
_____/

## ORDER REQUIRING SUPPLEMENTAL FILING IN SUPPORT OF PLAINTIFF'S MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT AGAINST ALL DEFENDANTS

Presently pending before the Court is Plaintiff's Motion for Entry of Default Final Judgment Against All Defendants (DE # 13). The Motion has been referred to the undersigned Magistrate Judge (DE # 14). For the following reasons, the undersigned concludes before the Court may consider whether entry of default judgment against the Defendants in this action is appropriate the Plaintiff must file additional materials in support of his Motion for Entry of Default Final Judgment Against All Defendants.

    I.    <u>BACKGROUND</u>

This matter was initiated on November 21, 2013 when Plaintiff Jimmy J. Alvarez filed a three-count Complaint alleging that Defendants Food South of Florida, Khader Kattoura and Carolina Kattoura failed to pay Plaintiff the requisite overtime and minimum wages in violation of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, and the Florida Minimum Wage Act, Fla Stat. § 448.110, during the course of Plaintiff's employment with the Defendants (DE # 1).

After the Defendants failed to respond to the Complaint or otherwise appear in

this action, the Plaintiff moved for the entry of Clerk's Default against all of the Defendants. On February 24, 2014, the Clerk of Court entered a default against individual Defendants Khader Kattoura and Carolina Kattoura, ECF Nos. [11] [12], and corporate Defendant Foods of South Florida, Inc., ECF No. [10].

Plaintiff has now filed the instant Motion for Entry of Default Final Judgment Against All Defendants requesting that final default judgment be entered against the Defendants, jointly and severally, in the amount of $1,990.80 in damages arising from the Plaintiff's minimum wage claims, with an equal amount of liquidated damages, and in the amount of $4,368.00 arising from Plaintiff's overtime wage claim, also with an equal amount in liquidated damages, ECF No. [13-2].

II.   MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT AGAINST ALL DEFENDANTS

A.   Military Affidavit

In support of the Motion for default judgment, the Plaintiff has submitted a Declaration of Damages which sets forth the details of the number of hours worked for the Defendants, his rate of pay and the compensation that he received for the hours he worked, ECF No. [13-1]. In addition, the Plaintiff directs the Court's attention to the Returns of Service filed with the Court for each of the Defendants. The Returns of Service reflect that on December 12, 2013, the Summons and Complaint in this action were served on individual Defendants Khader Kattoura and Carolina Kattoura, as well as on the corporate Defendant Foods of South Florida, Inc., d/b/a Mr. Mike's Grocery Store, ECF Nos. [6] [7] [8]. Further, the Motion correctly states that despite service of the Complaint, the Defendants have failed to respond to the action. Plaintiff therefore requests that the Court enter a default judgment against the Defendants.

However, the Plaintiff has failed to provide an affidavit of military service as

required by the Servicemembers Civil Relief Act, 50 U.S.C. app § 521 (2014) ("SCRA").

Section § 521 of the SCRA, provides, in relevant part,

> (a) Applicability of section
>
> This section applies to any civil action or proceeding, including any child custody proceeding, in which the defendant does not make an appearance.
>
> (b) Affidavit requirement
>
> > (1) Plaintiff to file affidavit
> >
> > In any action or proceeding covered by this section, the court, before entering judgment for the plaintiff, shall require the plaintiff to file with the court an affidavit--
> >
> > (A) stating whether or not the defendant is in military service and showing necessary facts to support the affidavit; or
> >
> > (B) if the plaintiff is unable to determine whether or not the defendant is in military service, stating that the plaintiff is unable to determine whether or not the defendant is in military service.

50 U.S.C. app. § 521. As stated above, none of the Defendants have appeared in this action and the Plaintiff has not filed a military affidavit pertaining to the individual Defendants. As such, the Plaintiff has failed to satisfy the requirements of § 521 and is not entitled to the entry of a final default judgment against the individual Defendants at this time. *See e.g. Great Lakes Reinsurance (UK) PLC v. Paige*, No. 1:13-cv-32, 2014 WL 359678 at *2 (E.D. Tenn. Feb 3, 2014) (stating that plaintiff must satisfy several procedural requirements before entry of a default judgment against a defendant including submitting an affidavit stating whether the defendant is in military service, or if plaintiff is unable to determine whether the defendant is in military service, stating so.) *Metropolitan Life Ins. Co. v. Jackson*, No. 3:11-cv-967-J-34JRK, 2013 WL 3974674 at n.6 (M.D. Fla. Aug. 1, 2013) (noting that plaintiff moving for default judgment is generally

required to file affidavit stating whether defendant is serving in military as described in § 521).  To cure this defect, the Plaintiff is hereby ordered to, on or before June 16, 2014, supplement his Motion for Entry of Default Final Judgment Against All Defendants to comply with the requirements of § 521 as it relates to the individual Defendants in this action.

B. <u>Notice to Defendants of Motion for Entry of Default Judgment</u>

The undersigned notes that the Motion for Entry of Default Judgment Against All Defendants does not reflect that the Motion has been served on the Defendants.  The Court recognizes that under Fed. R. Civ. P. 55, notice to a defaulting party of a motion for entry of default judgment is not necessary where, as in this case, a party has not appeared at all in an action.[1]  However, consistent with the policy that actions be decided on their merits when possible, the undersigned concludes that the better course of action is for the Motion to be served on the defaulting Defendants.[2]  See *Creative Tile Marketing, Inc. v. SICIS Int'l Inc.*, 922 F. Supp. 1534, 1536 (S.D. Fla. 1996) (stating it is the general rule that default judgments are ordinarily disfavored because cases should be decided upon their merits whenever reasonably possible and noting that whether a default judgment is entered is committed to the discretion of the district court.).  To that end, the undersigned directs the Plaintiff to, on or before June 10, 2014, serve this Order and the Motion for Entry of Default Judgment on the Defendants via U.S. Mail at their last

---

[1] Rule 55 of the Federal Rules of Civil Procedure sets forth procedures for a party seeking the entry of a default judgment.

[2] In this regard, it is worth noting that while the entry of default against a party generally serves to preclude a party from challenging the merits of the action, such an entry does not preclude a defendant from challenging the calculation of damages in an action. See e.g. *Niebuhr v. K.F.A. Entrerprises, Inc.*, No. 09-22840-CIV, 2010 WL 5439762 at *3 (S.D. Fla. Dec. 28, 2010) (noting that a default judgment as to liability is not final until the amount of damages is determined).

known address.[3]  The Plaintiff thereafter shall file a certificate of service to supplement the Motion for Entry of Default Judgment which reflects that the Plaintiff has complied with this dictate.

### III.    CONCLUSION

Therefore, based on the foregoing, it is

**ORDERED AND ADJUDGED** that on of before June 16, 2014, the Plaintiff shall supplement his Motion for Entry of Default Final Judgment Against All Defendants by submitting an affidavit in compliance with Title 50 U.S.C. app. § 521 as it relates to the individual Defendants in this action.  It is further

**ORDERED AND ADJUDGED** that on of before June 10, 2014, the Plaintiff shall serve this Order and the Motion on the Defendants via U.S. Mail at their last known address and file a certificate of service to reflect that the Plaintiff has complied with this dictate.

**DONE AND SUBMITTED** in chambers in Miami, Florida, on June 2, 2014.

*Andrea M. Simonton*
ANDREA M. SIMONTON
UNITED STATES MAGISTRATE JUDGE

**Copies furnished via *CM/ECF* to:**
All counsel of record

---

[3]  It appears from the Returns of Service that the Plaintiff was able to serve the individual Defendants at their place of residence, and the corporate Defendant at the business address.